**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4301**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY REMY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:18-cr-00202-1)

Submitted:  December 19, 2019                    Decided:  December 26, 2019

Before AGEE, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Schles, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Timothy D. Boggess, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Remy appeals his 87-month sentence imposed following his guilty plea to conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C § 846 (2018), and aiding and abetting the possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2018) and 18 U.S.C. § 2 (2018). On appeal, Remy contends that (1) the district court's finding as to his attributable drug weight for sentencing purposes was erroneous, making his sentence procedurally unreasonable, and (2) his sentence is substantively unreasonable. For the reasons that follow, we affirm the district court's judgment.

Remy argues the district court erred in calculating the drug weight attributable to him under the Sentencing Guidelines. Thus, he contends his sentence is procedurally unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 552 U.S. at 51.

"It is well established that we will not vacate a sentence if we determine that the district court's improper calculation of the Guidelines advisory sentencing range was harmless." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019). A sentencing error is harmless if: "(1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable

2

even if the [G]uidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted). Here, the first prong of this inquiry is easily met, as the district court twice explicitly stated that it would have imposed the same sentence even had it resolved the Guidelines issue in Remy's favor.

With respect to the substantive reasonableness of the sentence, Remy argues the 87-month sentence is greater than necessary to achieve the goals articulated in 18 U.S.C. § 3553(a) (2018). In considering the substantive reasonableness of a sentence, we examine "the totality of the circumstances." *Gall*, 552 U.S. at 51. We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*.

We conclude that the sentence is reasonable when measured against the § 3553(a) factors as articulated by the district court. Remy participated in at least eight trips across state lines as part of a conspiracy to purchase substantial amounts of methamphetamine for his local distributor. The mitigating factors Remy identifies do not clearly outweigh the seriousness of his offense. Therefore, even had the district court erred in calculating the advisory Guidelines range, any such error would have been harmless and would not require vacatur of the sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3